IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL OWENS POLLOCK,

    **Plaintiff,**

v.                                                            CIVIL ACTION NO. 2:09cv32
                                                                           (Maxwell)

MICHAEL ASTRUE,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

    **Defendant.**

## ORDER

The above-styled matter is before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Magistrate Judge Seibert filed his Report and Recommendation on October 16, 2009, wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. No objections have been filed. Accordingly, the Court will review the Magistrate's Report and Recommendation for clear error.[1]

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised in the cross motions for summary judgment were thoroughly considered by Magistrate Judge Seibert in his Report and Recommendation. The Court, reviewing all matters now before it for clear error, is of the opinion that the Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action. Therefore, it is

---

[1] The failure of a party to object to a Report and Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

**ORDERED** that Magistrate Judge Seibert's Report and Recommendation be, and hereby is, accepted in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the Plaintiff's Motion for Summary Judgment be, and the same hereby is, **GRANTED in part** and **DENIED in part** in that while there was substantial evidence supporting the ALJ's decision to discredit Claimant's testimony, the ALJ erred by failing to explicitly indicate the weight given to the relevant medical evidence. It is further

**ORDERED** that this matter is **REVERSED AND REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further action in accordance with the Report and Recommendation. It is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the Defendant and remanding the case to the Defendant for further proceedings and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the Plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**ENTER**: November 12, 2009

_Robert E. Maxwell_
United States District Judge